UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No: 6:22-cv-1266-PGB-EJK

FARNAZ ETMINAN,

     Plaintiff,

vs.

GRACE PHARMACY SOLUTIONS,
LLC, a Florida Limited Liability Company,

     Defendant.

_____/

### PLAINTIFF'S MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, FARNAZ ETMINAN ("Plaintiff") by and through her undersigned attorney, moves this Honorable Court to approve the settlement reached by the parties and dismiss the instant action *with prejudice*. In support thereof, the Plaintiff states as follows:

1.    This action originated on or around July 19, 2022, when Plaintiff filed her Complaint (ECF No. 1) against Defendant seeking unpaid overtime under the Fair Labor Standards Act, 29 U. S. C. § 207, *et. Seq.,* (the "FLSA").

2.    Despite the Defendant not making an appearance in this action, the parties worked together to reach an amicable resolution.

3.    In reaching a resolution of this matter, the parties have reviewed Defendant's time and pay records for Plaintiff.

4.    After the parties exchanged sufficient information, they were in a position to make educated and informed decisions regarding settlement.

5.      The parties have successfully come to an agreement to resolve this dispute and Plaintiff now seeks approval of the settlement from the Court in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Accordingly, a copy of the parties' settlement agreement is attached as Exhibit 1 to this Motion.

6.      The settlement provides that Defendant will pay Plaintiff her full alleged unpaid overtime and liquidated damages, representing a ***100% uncompromised recovery***. In addition, counsel for the parties separately negotiated payment of Plaintiff's counsel's reasonable attorney's fees and costs.

7.      In exchange for the settlement proceeds, Plaintiff agreed to dismiss the claims brought in her Complaint. The Plaintiff advises the Court that there was a bona fide dispute and that this resolution was reached to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation.  The Plaintiff stipulates that the settlement represents **full recovery** of all alleged unpaid wages due to her (including an equal amount for liquidated damages) and **does not represent a compromise of Plaintiff's claim**. Counsel for the Plaintiff represents that the settlement entered into by the parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.  After reviewing Defendant's records, Plaintiff is satisfied that the amounts to be received by her constitute a full and uncompromised recovery for all overtime and minimum wages that she claimed in this action.

8.      Plaintiff's counsel, in his opinion, believes this resolution fair and reasonable under the circumstances.

9.      Plaintiff's counsel advises the Court that the amount allocated to attorney's fees and costs is reasonable and not excessive, and was negotiated separately from the amount that was agreed upon for Plaintiff's underlying claim for overtime and liquidated damages.

## **MEMORANDUM OF LAW**

**Standard of Review**

      Judicial review and approval of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

      "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Feagans v. Americana Jax Inv., Inc.,* 3:07-cv-433-J-33HTS, 2008 U.S. Dist. LEXIS 21974, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008); *see also, Mackenzie v. Kindred Hosps. E., LLC.,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for [*4] judicial scrutiny. . . .").

      Notwithstanding that there has been no compromise, the parties present the terms of the settlement to this Court for review and approval. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the

policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)    the existence of fraud or collusion behind the settlement:

(2)    the complexity, expense, and likely duration of the litigation;

(3)    the stage of the proceedings and the amount of discovery completed;

(4)    the probability of plaintiff's success on the merits:

(5)    the range of possible recovery; and

(6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11ᵗʰ Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007). S*ee also Hill v. Florida Indus. Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498 at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enter., Inc.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066 at *4 (M.D. Fla. Apr. 12, 2006). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *See also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).

## A.    All of the Relevant Criteria Support Final Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, the Plaintiff was represented by Robert Norell, Esquire of Robert Norell, P.A. The Defendant, although not represented by counsel, had ample opportunity to seek advice from counsel. Plaintiff's counsel has extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid overtime compensation.

The complexity, expense, and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses.

However, in an effort to resolve the litigation, Defendant is paying Plaintiff for her entire alleged unpaid overtime wages, as well as an equal amount for liquidated damages, which is a full and uncompromised recovery. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information and documentation regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. Once the parties agreed upon the amount of Plaintiff's underlying claim for unpaid overtime and minimum wages, the parties separately negotiated Plaintiff's reasonable attorney's fees and costs. Accordingly, the issue of attorney's fees was addressed independently and seriatim with no regard to Plaintiff's recovery (which is full and uncompromised). Where the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222 (M.D. Fla. 2009)

In addition, the undersigned represents that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiff's counsel in prosecuting and ultimately resolving her claims. The parties negotiated the fees separately

from the Plaintiff's settlement payment and the fees were not negotiated in relation to or as a portion of Plaintiff's recovery. *See Id.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Therefore, the Plaintiff requests that this Court find the proposed attorneys' fees reasonable.

## **CONCLUSION**

The settlement terms are fair, reasonable and adequate. Accordingly, the Plaintiff respectfully requests that the Court grant her Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

WHEREFORE, Plaintiff, FARNAZ ETMINAN, respectfully requests that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

Dated: September 12, 2022

Respectfully submitted,

*/s/ Robert S. Norell, Esq.*
Robert S. Norell, Esq.
Fla. Bar No.: 996777
E-Mail: rob@floridawagelaw.com
**Robert S. Norell, P.A.**
300 NW 70th Avenue, Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*